IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| ANTHONY ANGLIN and<br>TRACY ANGLIN,<br><br>  Plaintiffs,<br><br>v.<br><br>MY SONS LOGISTICS, LLC and<br>MICHAEL BRASWELL,<br><br>  Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | 2:24-CV-151-BR |

## MEMORANDUM ORDER AND OPINION DENYING DEFENDANTS' MOTION TO BIFURCATE

Before the Court is Defendants' Motion to Bifurcate, (ECF 19), Plaintiffs' response, (ECF 20), and Defendants' reply, (ECF 21). Having considered the arguments of the parties and the applicable law, the undersigned finds that Defendants' Motion should be DENIED.

Defendants move the Court to bifurcate trial into two phases; one to determine liability for and the amount of compensatory damages, and a second, if necessary, to determine liability for and the amount of exemplary damages. (ECF 19 at 1-2). In support of their Motion, Defendants point to Texas law, which provides for a bifurcated trial of this sort upon timely motion by a defendant in commercial motor vehicle accident cases. Tex. Civ. Prac. & Rem. § 72.051 *et seq*.; *see also In re Sw. Motor Transp., Inc.*, No. 01-24-902-CV, 2024 WL 5160633 (Tex. App.—Houston [1st Dist.] Dec. 19, 2024, no pet. h.) (mem. op.).

Defendants acknowledge that procedural questions in this diversity case are governed by the Federal Rules of Civil Procedure, rather than by Texas state law. (ECF 19 at 3 *and* ECF 21 at 1). Defendants argue, however, that the considerations underlying the Texas law in question also support a discretionary decision to bifurcate this trial, as the Court is permitted to do under the

Federal Rules. Fed. R. Civ. P. 42(b). Specifically, Defendants argue that a bifurcated trial will avoid prejudice to the Defendants that would result if "compensatory damages are unfairly weighted by evidence of net worth—which may be relevant in assessing exemplary damages, but are irrelevant and unfairly prejudicial in determining compensatory damages." (ECF 19 at 4). Defendants further argue that a bifurcated trial would impose no burden on the convenient, expeditious, and economical operation of the Court because the Texas legislature and administrative agencies found that the Texas statute would have no significant fiscal impact on Texas state courts. (*Id*. at 4-5). Finally, Defendants argue that a bifurcated trial could actually "expedite and economize the proceedings as the award and amount of compensatory damages, if any, would serve to aid the parties in compromising both issues in a global settlement." (*Id*. at 5).

Plaintiffs respond that the Texas statute cited does not apply in this case. (ECF 20 at 1). Further, Plaintiffs cite to Fifth Circuit precedent that "Separation of issues…is not the usual course that should be followed." *McDaniel v. Anheuser-Busch, Inc*., 987 F.2d 298, 304 (5th Cir. 1993); (*see* ECF 20 at 2 (misquoting as "usual course that should be *allowed*") *and* ECF 19 at 3 (where Defendants acknowledge this precedent)). To support their argument that bifurcation is not necessary in this case, Plaintiffs point to a case in the Eastern District of Texas where a motion for bifurcation similar to Defendants' Motion was rejected. (ECF 20 at 2) (citing *Robison v. Rock Haulers, LLC*, No. 4:22-cv-188, 2023 WL 2170785 (E.D. Tex. Feb. 22, 2023) (incorrectly cited as "*Robinson v. Rock Haulers, LLC*").

As a preliminary matter, though not briefed by the parties, the Court is aware of recent decisions in this judicial district granting bifurcated trials with reference to similar, but distinct Texas laws. *See United Healthcare Servs. Inc. v. Synergen Health, LLC*, No. 3:20-cv-301, 2023 WL 6471701 (N.D. Tex. Oct. 4, 2023) (granting an opposed motion for bifurcated trial of the

amount of punitive damages in a civil fraud case, citing *Transp. Ins. Co. v. Moriel*, 879 S.W.2d 10 (Tex. 1994) for support); *see also Reyes v. Allstate Fire & Cas. Ins. Co.*, No. 3:22-cv-2255, 2023 WL 5216490 (N.D. Tex. Aug. 14, 2023) (granting an opposed and late-filed motion to bifurcate contractual claims in a first-party insurance dispute from Texas Insurance Code and consumer protection claims, citing *In re State Farm Mut. Auto. Ins. Co.*, 629 S.W.3d 866 (Tex. 2021) for support). The undersigned finds these distinguishable from the instant case because considerations of prejudice and economy in this commercial motor vehicle case differ from those in the fraud and insurance code contexts.

The Court acknowledges that Texas state law, which provides for Plaintiffs' recovery of both compensatory and exemplary damages in this diversity-based commercial motor vehicle accident case, has recognized compelling reasons to separate determinations of the one from determinations of the other, and that these reasons center on avoiding prejudice to defendants similarly situated to the Defendants in this case. *See Sw. Motors*, 2024 WL 5160633, at *4. As Defendants point out, (ECF 19 at 3), the significance of the interests reflected in the Texas statute is confirmed by the fact that a bifurcated trial is mandatory in Texas state courts, provided an entitled defendant makes a timely motion.[1]

The undersigned nevertheless finds that any risk of prejudice to Defendants in this case can be overcome by carefully crafted jury instructions. The Court is reassured in this finding by the observation that many other Texas Federal District Courts have made the same findings in response to motions invoking § 72.051 in commercial motor vehicle accident cases. *See Robison*, 2023 WL 2170785, at *2; *Perez v. Roman*, No. 1:21-cv-187, 2022 WL 20717362 (S.D. Tex. June

---

[1] However, the Court notes that even in Texas state courts, a Defendant may waive their right to a bifurcation, either voluntarily or by failure to move before the deadline. Tex. Civ. Prac. & Rem. § 72.052(b)(1). In other words, Texas law does not consider the interests at stake to be so important that a bifurcated trial is a necessary precondition to recovery of exemplary damages—rather, it is a procedural safeguard made optionally available to defendants.

8, 2022); *Trejo-Munoz v. Henderson*, 615 F. Supp. 3d 558 (S.D. Tex. 2022); *Sweeney v. DD&S Express, Inc.*, No. 6:23-cv-233, 2024 WL 502312 (W.D. Tex. January 31, 2024); *and Rodriguez v. Singh*, No. 7:23-cv-154, 2024 WL 4328780 (W.D. Tex. February 20, 2024). *See also BNSF Ry. Co. v. Panhandle N. R.R. LLC*, No. 4:16-cv-1061, 2018 WL 9669763 (N.D. Tex. July 10, 2018) (denying in a tortious interference and gross negligence case an unopposed motion for bifurcated trial of the amount of exemplary damages under a similar, more generally applicable statute, Tex. Civ. Prac. & Rem. § 41.009). The undersigned further finds that considerations of convenience and the expeditious and economical resolution of this action weigh against bifurcation of trial in this case under Rule 42(b).

Accordingly, Defendants' Motion for Bifurcated Trial, (ECF 19), is hereby DENIED. This order is without prejudice to any subsequent motions to consolidate or bifurcate for other reasons under Federal Rule of Civil Procedure 42.

IT IS SO ORDERED.

ENTERED January 29, 2025.

_____
LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE